UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| STEVEN D. BRUMBACK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-010-JMH-MAS |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WURTH BAER SUPPLY COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

In civil litigation, deadlines are of crucial importance and time is usually not on the side of those who treat deadlines cavalierly. In this action, Plaintiff moved to modify certain dates in the scheduling order. Specifically, Plaintiff requested an extension of time in which to identify expert witnesses and for an extension of expert or opinion discovery.

But here, Plaintiff's motion fails to demonstrate good cause that justifies modifying the scheduling order. Any need for additional time to identify an expert witness or complete expert discovery appears to be of Plaintiff's making since Plaintiff filed requests for written discovery almost two months late. As a result, Plaintiff's motion to modify the scheduling order is **DENIED.**

## I. Procedural Background

On June 5, 2019, Plaintiff moved to modify the deadline for identification of expert witnesses and the deadline for completion of expert discovery. [DE 18]. In the Court's initial scheduling order, the deadline for the Plaintiff to identify expert witnesses was on June 1, 2019, and the deadline for completion of expert or opinion discovery falls on July 15, 2019. [DE 15].

The Court ordered expedited briefing on the motion to modify the scheduling order. [DE 19]. Defendant responded in opposition. [DE 20]. Plaintiff did not reply in support of the motion and the time to reply has passed. As a result, this matter is ripe for review.

## II. Analysis

Plaintiff argues that amendment of the scheduling order is required because the Defendant, at least at the time the motion for amendment was filed, had not responded to written discovery requests. But Defendant's response in opposition tells a different story. As Plaintiff admits and Defendant notes, it appears that Plaintiff made written discovery requests on April 26, 2019, over two months past the February 21, 2019, deadline for written discovery requests in the Court's scheduling order. As such, any need for additional time to identify potential expert witnesses or complete expert discovery appears to have been caused by Plaintiff's lack of due diligence. As a result, Plaintiff has

2

failed to demonstrate that the deadlines could not be reasonably met despite due diligence on the part of the Plaintiff.

Moreover, Plaintiff has also failed to demonstrate that Defendant will not suffer prejudice as a result of modification to the scheduling order. If the requested extensions are granted, they will likely require other deadlines and hearings in the Court's scheduling order to be moved. These more extensive modifications will likely relay the entire litigation and may prejudice the Defendant. Furthermore, granting Plaintiff's requested extensions will likely shorten the amount of time for Defendant to file dispositive motions. As such, it appears that the requested extensions may prejudice the Defendant.

In sum, Plaintiff has failed to demonstrate good cause that justifies modifying the scheduling order. As a result, Plaintiff's motion must be denied.

### A. Legal Standard

Plaintiff moves for modification of the scheduling order under Federal Rule of Civil Procedure 6. But, as this Court previously explained in another case, Rule 16 governs modifications to scheduling orders. *Century Indem. Co. v. Begley Co.*, 323 F.R.D.237, 240 (E.D. Ky. 2018).

Still, that does not mean that Rule 6 has no applicability. This Court has acknowledged that the United States Court of Appeals for the Sixth Circuit has never adequately grappled with the

3

interplay between Rules 6 and Rule 16. *See id.* at 240-41. Both rules are addressed below.

## B. Good Cause

Rule 16 allows amendments to a scheduling order only for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

Here, Plaintiff's counsel attempts to justify the need to modify the scheduling order by blaming the Defendant. Plaintiff contends that he is unable to determine whether an expert witness or expert discovery is necessary because the Defendant had not responded to written discovery requests at the time of filing the motion to modify the scheduling order. [DE 18 at 1, Pg ID 89]. Plaintiff indicates that Defendant refused to respond to written discovery requests until a protective order was in place. [*Id.*].

But the Plaintiff's portrayal does not seem to paint an accurate picture of the circumstances.

First, the Plaintiff failed to abide by the deadlines for issuing written discovery requests in the Court's scheduling order. Plaintiff admits that requests for written discovery were not sent to the Defendant until April 26, 2019. [DE 18 at 1, Pg

4

ID 89]. The issue here, of course, is that the Court's scheduling order required that all requests for written discovery be issued on or before February 21, 2019. [DE 15 at 2, Pg ID 78]. Thus, it appears that the Plaintiff requesting written discovery over two months after the deadline in the scheduling order is the primary reason that there was a delay in discovery.

Moreover, the Court did not pull the deadline for issuing requests for written discovery out of thin air. The report of the parties' planning meeting indicates that the parties, including the Plaintiff, agreed to the February 21, 2019, deadline for issuance of written discovery requests. Thus, the Plaintiff certified to both the Court and the Defendant that any requests for written discovery would be issued no later than February 21, 2019.

Second, it appears that the Plaintiff did in fact receive responses to some written discovery requests before the deadline for identifying expert witnesses ran. In the motion, filed on June 5, 2019, Plaintiff's counsel stated that "Defendant has not yet provided its response to Plaintiff's initial discovery requests." [DE 18 at 1, Pg ID 89]. Moreover, Plaintiff's counsel also said, "When Plaintiff receives the discovery from Defendants it may reveal that an expert witness is necessary. . . . However, without having received the discovery to this date, that determination could not have, and still cannot be made." [Id. at

1-2, Pg ID 89-90]. Thus, Plaintiff's counsel represented to the Court that he needed an extension of time because the Defendant had not responded to his discovery requests.

In response, the Defendant claims that these assertions by Plaintiff's counsel are "completely false." [DE 20 at 3, Pg ID 97]. The facts before the Court seem to support that assessment. On May 28, 2019, Walker Lawrence, counsel for the Defendant, sent an email to James O'Toole, counsel for the Plaintiff, with attachments that appear to contain responses to at least some of Plaintiff's written discovery requests. [DE 20-1 at 20, Pg ID 119].[1] As such, it appears that Plaintiff did receive discovery responses from the Defendant.

Plaintiff's motion, which attempts to justify modification of the scheduling order based on Defendant's failure to respond to discovery requests, is at best comprised of half-truths and material omissions and at worst, contains blatantly false assertions. Plaintiff's counsel fails to acknowledge that he did in fact receive some responses to written discovery on May 28, 2019, including an attached draft protective order. Furthermore,

---

[1] Plaintiff's counsel makes mention in the motion to modify that some attachments did not come through. Still, the Court understands the Plaintiff to be talking about emails pertaining to the draft protective order, which appear to have been sent on or around July 3, 2019. It appears that the Plaintiff completely fails to address the fact that the Defendant sent discovery responses via email on May 28, 2019.

Plaintiff's counsel did not take responsibility for the fact that he issued requests for written discovery over two months after the deadline in the scheduling order.

Ultimately, the facts before the Court reveal that Plaintiff could have met the deadline for identifying expert witnesses and could have met the deadline for expert discovery through due diligence. Plaintiff may not submit a problem of its own making as good cause to modify the deadlines in the scheduling order. Moreover, contrary to the Plaintiff's assertion in the motion to modify the scheduling order, it appears that the Plaintiff did receive at least some discovery responses from the Defendant before the deadline for identifying an expert witness ran. As a result, Defendant has failed to demonstrate good cause to justify modifying the scheduling order in this matter.

Furthermore, Plaintiff has failed to demonstrate that Defendant will not suffer prejudice by virtue of the amendments. It is true that Plaintiff only requested a thirty-day extension to two of the deadlines in the scheduling order. Still, parties often overlook the potential domino effect that may be caused by modifying a few dates in the scheduling order. Many times, moving one or two deadlines in a scheduling order necessitates moving other deadlines or continuing certain hearings, which increases the potential for prejudice to the nonmovant.

This case is a prime example. In this case, dispositive motions are currently due on August 15, 2019. [*Id.* at 3, Pg ID 79]. If the deadline for expert discovery is extended until August 1, 2019, it may make it impractical or impossible for the parties to file dispositive motions by August 15, 2019. But, if the deadline for filing dispositive motions is extended, it will likely require extending the date of the final pretrial conference and trial because the Court must ensure that there is ample time to consider and resolve any dispositive motions before the final pretrial conference. Thus, in considering modifications to the scheduling order, the Court must consider the effect of the requested extensions on other deadlines and scheduled hearings.

Here, granting Plaintiff's requested extensions is very likely to require extending the deadline for filing dispositive motions. Otherwise, without an extension, the parties will only have fourteen days from the close of expert discovery to draft dispositive motions. But extending the deadline for filing dispositive motions will likely require continuing the deadlines for the final pretrial conference and jury trial, which will delay the entire proceeding. As a result, the requested extensions are likely to delay resolution of the entire action, which may prejudice the Defendant.

In sum, the Plaintiff could have met the deadlines in the scheduling order through due diligence. It is the Plaintiff, not

the Defendant, who is primarily responsible for any delays in discovery. Additionally, Plaintiff failed to demonstrate that the Defendant will not suffer prejudice by virtue of the requested extensions. As a result, Plaintiff has failed to demonstrate good cause for the requested modifications to the scheduling order.

### C. Excusable Neglect

Rule 6 requires a movant seeking to file an untimely motion to show good cause *and* excusable neglect. Fed. R. Civ. P. 6(b)(1). But here, Plaintiff has failed to demonstrate good cause for the requested extension of the deadline to identify expert witnesses. As a result, the Court need not engage in an excusable neglect analysis since Plaintiff failed to make the first requisite good cause showing.

### III. Conclusion

The Plaintiff has failed to demonstrate good cause for modifying the scheduling order in this action. This Court has previously warned that "[a] scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" Century Indem. Co., 323 F.R.D. at 240 (quoting *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)). Accordingly, **IT IS ORDERED** that Plaintiff's motion to modify the scheduling order [DE 18] is **DENIED**.

This the 2nd day of July, 2019.

9



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**